EDWARD HOOK, APPELLEE, v. ADOLPH KEMPF, SR., ET AL., APPELLANTS.

FILED JUNE 16, 1933. No. 28560.

· *Courtright, Sidner, Lee & Gunderson,* for appellants.

*Cook & Cook, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, DAY and PAINE, JJ., and MESSMORE, District Judge.

ROSE, J.

This is an action to recover $10,000 in damages for personal injuries. Defendants were charged with causing the injuries by negligence in driving an automobile in the center of a public bridge, thus crowding plaintiff, who was approaching in an automobile from the opposite direction, against a railing in order to prevent the two vehicles from colliding. The action was defended on the ground that defendants, without negligence, drove in the center of a one-way bridge, as they had a right to do, having reached the bridge first, and that the car in which plaintiff was riding was negligently driven into the rail-

ing and that this was the cause of his injuries. After the evidence had all been adduced on both sides, the district court overruled a motion to direct a verdict in favor of defendants and submitted the issues to the jury. There was a verdict in favor of plaintiff for $700. From a judgment therefor defendants appealed.

The question presented by the appeal is raised by assignments of error directed to the failure of the trial court to instruct a verdict in favor of defendants. In this connection it was argued at length that defendants were crossing a ravine on a one-way bridge on which there was no other vehicle at the time; that they were first to reach the bridge; that two steel treads for wheels of automobiles in the center of the bridge ran lengthwise thereon from one end to the other; that defendants had a right to follow these treads through the center of the bridge; that their car crossed it without touching the other car, which ran into a railing, causing the injuries of which plaintiff complains; that these facts were shown by uncontradicted evidence and that therefore a nonsuit should have been entered. Consideration of other evidence is necessary to a proper disposition of the appeal. The position of defendants is untenable unless the bridge was a one-way road on which defendants had a right to travel in the center, having been first to enter upon it.

On a graveled highway running south from Dodge, plaintiff and defendants approached the bridge from opposite ends and reached it at very nearly the same time, defendants first by perhaps less than a second. The occupants of each car had seen the other coming on a straight, unobstructed road for a considerable distance beyond the bridge which was on a level with the highway. Plaintiff was going south in a Pontiac sedan at a speed estimated at 10 to 15 miles an hour, which was slackened somewhat near the bridge. Defendants were traveling north in a Ford sedan going 25 or 35 miles an hour in the center of the road and the speed was increased near the bridge. The Ford sedan swerved to the right

or east when leaving the bridge and missed the Pontiac car as it struck the north end of the railing on the opposite side. The record contains evidence of these facts and they are accepted as true for the purposes of the assignment that the trial court erred in failing to direct a verdict in favor of defendants. There was also evidence from which the jury were free to infer the following facts: The bridge was only 40 feet long and 16 feet and three inches wide between the railings at the sides. The entire floor of the bridge was in a safe condition for travel from one end to the other. It was used for travel from one side to the other. There was plenty of room for the two cars to pass with ample space for safety between. Trucks had safely passed each other on it. By use, plaintiff was familiar with the bridge. The jury could reasonably infer from the evidence that the driver of the Pontiac, upon approaching the bridge, assumed, without negligence, that the Ford would turn to the right of the center, permitting him to pass, and that instantly, in the emergency, he accepted the desperate alternative of striking the railing in order to avoid a collision with the other car, perhaps saving the lives of defendants.

Defendants' use of the entire bridge to the exclusion of plaintiff was evidence of negligence for the consideration of the jury. Evidence of treads on a floor 16 feet wide did not prove the exclusive right of defendants to the center of the bridge until they crossed it. It was practically as wide as the graveled roadway leading to it. The entire floor of the bridge was intended for public use. Plaintiff had the same right thereon as defendants, though arriving an instant later. The use of the bridge by one driver implied due respect for the equal rights of the other. Defendants did not point out a statute or a rule of law indicating that a public bridge 16 feet wide is a one-way drive. It is a matter of common knowledge that many pavements on country highways where automobiles pass each other constantly are not over 16 feet wide. It was fairly inferable from the evidence that

plaintiff would not have been hurt, if defendants had kept on their own side of the bridge, and that their negligence in failing to do so was the proximate cause of his injuries. There was nothing in the record to justify a finding that plaintiff, as a matter of law, was guilty of such negligence as precluded him from recovering damages from defendants. There was no error in the failure to direct a verdict for defendants. The judgment is amply supported by the evidence.

AFFIRMED.